FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

97 JUN -2 PM 4: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| IN RE: | } | BANKRUPTCY NO. 91-80587 |
| | } | |
| CLYDE THOMAS CARTER, | } | CHAPTER 7 |
| Debtor, | } | |
| | } | |
| _____ | } | |
| | } | |
| CLYDE THOMAS CARTER, | } | |
| | } | CASE NO. CV 95-B-1274-NE |
| Appellant, | } | |
| v. | } | |
| | } | |
| HARRY LEE CARTER ESTATE MANAGEMENT TRUST, et al., | } | ENTERED |
| | } | |
| Appellees. | } | JUN 0 2 1997 |

## MEMORANDUM OPINION

This matter is before the court on appeal from the United States Bankruptcy Court for the Northern District of Alabama. More specifically, the appellant/debtor Clyde Thomas Carter ("Carter" or "appellant" or "debtor") appeals the decision of U.S. Bankruptcy Judge Jack Caddell to deny the following motions: (1) debtor's motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case; (2) debtor's motion to continue the hearing on the motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case; and (3) debtor's motion for reconsideration of the Order denying debtor's motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the decisions of the Bankruptcy Judge are due to be affirmed.

7

**FACTUAL SUMMARY**

In order to put this matter into perspective some background facts are necessary. On June 6, 1989, Clyde Thomas Carter filed an application in the Probate Court of Bexar County, Texas to dissolve the Harry Lee Carter Estate Management Trust (the "Trust"), claiming that the Trust should be terminated because it had fulfilled its purposes. (Disclosure Statement Accompanying Debtor's Plan of Reorganization at 3). On October 2, 1990, a number of the Trust beneficiaries filed a counterclaim against Carter, alleging that he breached his fiduciary duties to the Trust. (*Id.*) On February 15, 1991, the jury found, inter alia, that Carter had breached his fiduciary duties and as a result, the jury awarded the Trust a verdict in excess of $8 million dollars. (Brief of Appellees in Support of the Decisions of the Bankruptcy Judge at 4).[1]

On March 5, 1991, Carter filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.[2] (Brief of Appellant in Opp'n to the Decisions of the Bankruptcy Judge at 4).[3] On April 28, 1994, appellees filed a motion to convert Carter's Chapter 11 case to one under Chapter 7. (Brief of Appellees at 5). On July 12, 1994, the Bankruptcy Court entered an Order converting the Debtor's Chapter 11 case into one under Chapter 7, and directing the immediate appointment of a Trustee. (Brief of Appellees at 7).

On August 31, 1994, the Debtor filed a motion to dismiss the voluntary bankruptcy petition, or in the alternative to transfer the case. (Brief of Appellant at 5). A hearing on debtor's

---

[1] Hereinafter "Brief of the Appellees"

[2] Carter unsuccessfully appealed the verdict in favor of the Trust to the Texas Court of Civil Appeals, the Supreme Court of Texas, and the United States Supreme Court. (Brief of Appellees at 4).

[3] Hereinafter "Brief of Appellant"

motion to dismiss or transfer the case was set for October 13, 1994, but on that date, the debtor's attorney filed a motion to continue the hearing based upon the fact that the debtor would be physically unable to attend. (*Id.* at 5-6). At the hearing on October 13, 1994, United States Bankruptcy Judge Jack Caddell heard evidence and argument on the debtor's motion to continue. (*Id.*) The court denied the motion to continue and proceeded with the hearing. (*Id.*) At the conclusion of the hearing, Judge Caddell denied debtor's motion to dismiss or in the alternative, to transfer the case. (Brief of Appellant at 7).

On October 25, 1994, the debtor filed a motion for reconsideration, which was denied by the Bankruptcy Judge on December 5, 1994. (*Id.*) Thereafter, on December 13, 1994, the debtor filed his notice of appeal. (Brief of Appellant at 7).

## DISCUSSION

As stated, appellant appeals the denial of the following motions: (1) debtor's motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case; (2) debtor's motion to continue the hearing on the motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case; and (3) debtor's motion for reconsideration of the Order denying debtor's motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case.[4]

---

[4] In the Brief in Support of the decision of the Bankruptcy Court, appellees state that it is unclear whether the decision of Judge Caddell denying the debtor's motion to dismiss or transfer is a "final" order as that term is defined in 28 U.S.C. § 158(a)(1). Although appellees cite a number of cases in support of this contention, (*see* Appellees Brief at 9 n.6), the court will not address that issue. Even if the decision at issue were considered an interlocutory order, as opposed to a final order, the court grants appellant leave to appeal such order pursuant to 28 U.S.C. § 158(a)(3).

**Review of Bankruptcy Judge's Decision to Deny Debtor's Motion to Dismiss**

With respect to appellant's first argument, 11 U.S.C. § 707 provides:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only **for cause**, including --
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

(*Id.*) (emphasis added). "Although not specifically provided for in Bankruptcy Code § 707, the case law is clear that the debtor can move for dismissal of a voluntarily filed case." *In re Mathis Ins. Agency, Inc.*, 50 B.R. 482, 486 (Bankr. E.D. Ark. 1985) (citation omitted). "Unlike a Chapter 13 bankruptcy case, where the debtor has an absolute right to dismissal, a debtor has no corresponding right to dismiss a Chapter 7 petition." *Id.* (citations omitted).

Instead, as stated by the plain language of § 707, a showing of cause is required to justify dismissal of a Chapter 7 petition. "The most important consideration when dismissing a case is whether dismissal is in the best interest of the creditors." *In re Mathis Ins. Agency, Inc.*, 50 B.R. at 486 (citation omitted). "Generally, if dismissal of the debtor's case results in prejudice to the creditors, it is not proper for the case to be dismissed unless all creditors affirmatively consent to the dismissal." *Id.* (citations omitted).

4

In the present case, the Bankruptcy Judge presiding over the case entered an Order in which he stated: "After consideration of the oral arguments, the Court finds that it would be in the best interest of the debtor, his creditors and his bankruptcy estate to deny the motion to dismiss." *In re Carter*, No. 91-80587 (Bankr. N.D. Ala. Oct. 18, 1994) (order denying debtor's motions to dismiss, transfer, and continue). Upon a review of the record, the court concludes that the Bankruptcy Court did not abuse its discretion in denying debtor's motion.

At the hearing on debtor's motion to dismiss, the Trust was represented by Lee Ryans Benton ("Benton"), the trustee by Robert Reynolds ("Reynolds"), and the debtor by William Chenault III ("Chenault"). In support of debtor's motion to dismiss, Chenault argued that dismissal would not only be in the best interest of the debtor, but it would also be in the best interest of the creditors because it would allow them to pursue whatever state court remedies they may have. (Transcript of October 13, 1994 Hearing at 21).[5] Furthermore, Chenault argued that dismissal would eliminate administrative expenses and would allow the assets to be sold at a higher rate than if they were sold by the bankruptcy trustee. (*Id.*)

In response to these arguments, Reynolds and Benton argued that dismissal would prejudice the creditors. Specifically, Reynolds argued that assets of the debtor were in need of maintenance and repair, and dismissing the case would result in further deterioration of those assets. (*Id.* at 23). Reynolds argued that the creditors would be better served if the debtor's assets were liquidated by the bankruptcy trustee, who possess nationwide jurisdiction, as opposed to requiring the creditors to avail themselves of the laws of each state in which the debtor owns property. (*Id.* at 26).

---

[5] Hereinafter "Transcript of Hearing"

5

In addition to the arguments raised by Reynolds, Benton argued that dismissal would result in prejudice to the creditors because the debtor would continue to resist enforcement of the Texas judgment, it would cost the creditors time and money to prosecute in each location, and any other method of collection would not be as efficient as proceeding under Chapter 7. (*Id.* at 29-30).

After hearing arguments from all parties regarding debtor's motion to dismiss, Judge Jack Caddell stated:

> The Court does not believe that a dismissal would be in the interest of the creditors today. Based on the reasons that counsel argued . . . it would not be fair to the creditors to have to now go back and start over in various forums in the various seven states where these assets are located and through the state procedure. The Court finds that it is in the interest of . . . justice. And when we talk about justice, the debtor did enjoy the automatic stay here for three years. The Court has been very indulgent with him, put everything on hold until the litigation in Texas was finished, which turned out to be almost four years. But when that four years passed, then I think the debtor has to deal with the hand that he was dealt and . . . it didn't go his way in Texas, but now the Court is prepared to move forward with the case. And so the motion to dismiss is denied.

In his brief in support of his appeal, appellant argues that "[t]he creditors in this case should welcome the chance to pursue the Debtor once a dismissal order is entered and the automatic stay is lifted." (*Id.* at 10). While that may be the case, the fact remains that the creditors do not welcome dismissal, but, instead, strongly oppose it. Because the court agrees with the Bankruptcy Court's decision that dismissal would prejudice the creditors, the court concludes that the Bankruptcy Court did not abuse its discretion in denying debtor's motion to dismiss.

6

**Review of Bankruptcy Judge's Decision to Deny Debtor's Motion to Transfer**

Appellant also argues that the Bankruptcy Court abused its discretion by failing to transfer the case. Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The burden of establishing that a transfer is appropriate under § 1412 lies with the party requesting the transfer, and such burden must be carried by a preponderance of the evidence. *In re Butcher*, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985) (citation omitted).

In the instant case, the debtor requested a transfer of the case to the United States Bankruptcy Court for the Eastern District of Tennessee, Eastern Division, or to the United States Bankruptcy Court for the Northern District of Georgia, Northern Division. At the hearing on debtor's motion to dismiss, Reynolds, the attorney representing the trustee, argued that if the case were transferred to either the Eastern District of Tennessee or the Northern District of Georgia, the debtor would have to travel a distance of approximately 60 miles or 80 miles to attend hearings, depending on the location of the transfer. (Transcript of Hearing at 11-12). If the case remained in the Northern District of Alabama, however, the debtor would have to travel 85 to 90 miles to attend hearings. (*Id.* at 11). Thus, from this information, one can conclude that a decision not to transfer would result in, at most, 60 miles of additional driving distance per hearing for the debtor.

As for the convenience of a transfer for the witnesses, Benton argued that a transfer outside the Northern District of Alabama would be inconvenient for the attorneys, the trustee,

7

and, perhaps most importantly, for the creditors who attended hearings. In fact, Benton argued that, with the exception of the debtor, a transfer would be inconvenient for every party involved. (*Id.* at 32).

The Bankruptcy Court agreed with the arguments made in opposition to debtor's motion to transfer, stating: "The motion to transfer is denied. The Court finds that there is no -- it would be highly inconvenient, apparently based on the testimony given here today, to the creditors and to the Trustee for a transfer, but not that inconvenient to the debtor." (*Id.* at 36-37). Furthermore, in his Order denying debtor's motion to transfer, the court stated that "the debtor . . . knowingly and voluntarily chose to file his bankruptcy petition in this district. The distance the debtor has to travel to appear in this Court is not much more than the distance he would have to travel if the case were transferred to another district." *In re Carter*, No. 91-80587 (Bankr. N.D. Ala. Oct. 18, 1994) (order denying debtor's motions to dismiss, transfer, and continue). Taking all the relevant factors into consideration, the court is of the opinion that neither "the interest of justice" nor the convenience of the parties" would be served by a transfer of Carter's case outside of Alabama. Thus, the Bankruptcy Judge did not abuse his discretion in denying the debtor's motion to transfer.

**Review of Bankruptcy Judge's Decision to Deny Debtor's Motion to Continue[6]**

After Carter filed his motion to dismiss the voluntary petition, or in the alternative, to transfer the case, the matter was set for a hearing which was to be held on October 13, 1994 in

---

[6] Although appellant claims that one of the issues before the court is whether the Bankruptcy Judge erred in denying debtor's motion to continue the hearing, (Brief of Appellant at 2), appellant's brief is devoid of any argument with respect to this issue. Nonetheless, the court will address this issue.

8

Florence, Alabama. (Brief of Appellant at 5). On the day of the scheduled hearing, however, the debtor filed a motion to continue the hearing. At the hearing the debtor's attorney argued that due to the debtor's physical condition he was unable to travel to Florence to attend the hearing. (Transcript of the hearing at 3). Instead, of rescheduling the hearing, the Bankruptcy Judge asked the attorneys representing the trustee and the creditors whether they would prefer to proceed with the hearing despite Carter's absence. (*Id.* at 19). Both Reynolds and Benton agreed to waive their rights to cross examine the debtor and agreed to a proffer of evidence by the debtor's attorney as to what evidence the debtor would offer if he were able to attend. (*Id.*)

In *J.D. Pharm. v. Save-on Drugs & Cosmetics*, 893 F.2d 1201, 1209 (11th Cir. 1990), the Eleventh Circuit noted that "[i]t is generally recognized that a trial court has wide discretion to control its docket and that decisions of the trial court as to matters such as the amount of time a litigant should be given to obtain counsel are reviewable only under an abuse of discretion standard." *Id.* (citations omitted). Although the instant case does not involve the issue of how much time a *pro se* litigant should be given to obtain counsel, the court is of the opinion that the decision of the Bankruptcy Judge to deny debtor's motion to continue should be reviewed under the abuse of discretion standard. In reaching his decision to deny debtor's motion to continue, Judge Caddell stated that Carter's presence was not necessary for a determination of the issues before the court. (*Id.* at 33). Additionally, Judge Caddell noted that in almost every hearing before him, the debtor requested a continuance. (*Id.*) Both of these facts justify the decision of the Bankruptcy Judge to deny debtor's motion to continue the hearing. Thus, the court concludes that the decision to deny debtor's motion to continue is due to be affirmed.

### Review of Bankruptcy Judge's Decision to Deny Debtor's Motion for Reconsideration

After the Bankruptcy Court denied his motion to dismiss or transfer the case and his motion to continue the hearing, Carter filed a motion for reconsideration. With respect to the standards which govern a motion to reconsider, "[t]he court will not reconsider a previous ruling when the party's motion fails to raise new issues and instead, only relitigates what has already been found lacking." *Int'l Ship Repair v. St. Paul Fire & Marine*, 922 F. Supp. 577, 579 (M.D. Fla. 1996) (citation omitted) "Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*, (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

Carter's motion for reconsideration did not cite case law or new evidence. Consequently, the court assumes that his motion was an attempt to correct clear error or manifest injustice. Because the court has already held that the Bankruptcy Judge did not abuse his discretion in denying plaintiff's motions, the court need not discuss the decision of the Bankruptcy Judge denying debtor's motion for reconsideration, except to state that his decision with regard to this issue is due to be affirmed.

### CONCLUSION

For the foregoing reasons, the court is of the opinion that the decisions of the Bankruptcy Judge denying the following motions are due to be affirmed: (1) debtor's motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case; (2) debtor's motion to continue the hearing on the motion to dismiss the voluntary bankruptcy petition, or in

the alternative, to transfer the case; and (3) debtor's motion for reconsideration of the Order denying debtor's motion to dismiss the voluntary bankruptcy petition, or in the alternative, to transfer the case. An Order affirming these decisions shall be entered contemporaneously herewith.

**DONE** this 2nd of June, 1997.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge